UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 04-19489 |
| CHRISTOPHER DONATELLI, KATHLEEN DONATELLI, | Chapter 7 |
| Debtors. | Adversary Proceeding No. 04-1580 |
| CAROLYN PERLMAN, Plaintiff, | Judge Arthur I. Harris |
| v. | |
| CHRISTOPHER DONATELLI, Defendant. | |

## MEMORANDUM OF OPINION

The plaintiff, Carolyn Perlman, filed this adversary proceeding on October 21, 2004, requesting that the Court deny debtor-defendant, Christopher Donatelli, his discharge pursuant to § 727(a)(4)(C) and (a)(5) and find that plaintiff's claim against Donatelli is nondischargeable under various subsections of § 523. On May 2, 2005, the plaintiff filed a motion for summary judgment (Docket #32), and Donatelli did not file a response. For the reasons that follow, the plaintiff's motion for summary judgment is granted in part and denied in part. Specifically, plaintiff has provided undisputed facts to support a finding that her claim is nondischargeable under 11 U.S.C. § 523(a)(2)(A), but plaintiff has not provided sufficient evidence to support a denial of Donatelli's discharge.

Plaintiff's request for denial of debtor's discharge will be the subject of further proceedings in the event the plaintiff notifies the Court in writing within the next twenty days that she wishes to pursue such proceedings.

## BACKGROUND

The facts supporting plaintiff's amended complaint and summary judgment motion have all been deemed admitted as a matter of law. On April 8, 2004, plaintiff filed a motion to deem plaintiff's first request for admissions as admitted (Docket #21). The motion indicated that Donatelli had failed to respond to the request for admissions and that the March 28, 2005, deadline had passed. On April 20, 2005, the Court entered an order (Docket #28) stating that plaintiff's first request for admissions was deemed admitted pursuant to Federal Rule of Civil Procedure 36(a). The admissions are as follows:

1. Admit that on or about September 5, 2000, plaintiff became your employee and began to work for you at Christopher's Salon & Spa in Shaker Heights, Ohio, and that medical insurance would be provided to her under Medical Mutual Ohio, Group #972639900 held by Brynic ("MMO Policy").

2. Admit that in May of 2003, you informed plaintiff that you were closing your salon and that you offered to plaintiff that you would rent a chair for her, continue her medical coverage at Medical Mutual of Ohio, under the MMO Policy and maintain your status as her employer at a new salon, Joseph Victor Salon in Lyndhurst, Ohio.

3. Admit that plaintiff agreed to continue as your employee at Joseph Victor Salon and began doing so on May 13, 2003.

2

4. Admit that in September of 2003 you informed plaintiff that she no longer would be your employee but that you would continue to pay for medical coverage under the MMO Policy provided she pay you a monthly premium of $139.00.

5. Admit that plaintiff did pay you $139.00 per month from September to December of 2003, copies of the checks evidencing same are attached hereto and collectively marked as Exhibit "A."

6. Admit that you were aware that plaintiff was expecting a child when you made this offer to continue her medical coverage under the MMO Policy.

7. Admit that you collected and cashed the medical premiums plaintiff provided to you from September to December of 2003, but failed to submit these premiums to Medical Mutual of Ohio for plaintiff's health care coverage, copies of the checks evidencing same are attached hereto and collectively marked as Exhibit "A."

8. Admit that you knew that by not paying her medical insurance premiums, under the MMO Policy, plaintiff would be denied health care coverage for her known medical condition(s).

9. Admit that your breach of fiduciary duty to plaintiff in the misappropriation of her medical insurance premiums resulted in plaintiff's loss of medical coverage and medical debts for unpaid medical bills as provided in the itemized bills previously submitted to your counsel Blair Melling, Esq.

10. Admit that you knew the MMO Policy was going to be canceled for nonpayment of premiums effective October 1, 2003, as set forth in the attached Termination Notification from Medical Mutual of Ohio dated January 10, 2004. See Exhibit "B."

Plaintiff alleged that she suffered "damages and loss of insurance coverage and unpaid medical bills in excess of $8,793.89." Based on these admissions, plaintiff

filed her motion for summary judgment on May 2, 2005, to which the debtor never responded.

## DISCUSSION

The Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) & (J).

*Summary Judgment Standard*

The standards for a court to award summary judgment are contained in Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. According to Civil Rule 56(c), a court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

*Nondischargeability Under § 523(a)(2)(A)*

The plaintiff asserts that the undisputed facts support a finding of nondischargeability under § 523(a)(2), (4), and (6). The Court finds the debt nondischargeable under § 523(a)(2) and therefore does not address (a)(4) or (a)(6).

Section 523(a)(2)(A) of the Bankruptcy Code implements the strong bankruptcy policy of only permitting an honest debtor to receive a discharge of his or her debts. *See Cohen v. de la Cruz*, 523 U.S. 213, 217-18 (1998). Section 523 provides in pertinent part:

5

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . . .
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

In sum, in order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *See In re Rembert*, 141 F.3d 277, 280-81 (6th Cir. 1998).

The uncontroverted facts, established through the above admissions, support each of the four elements of § 523(a)(2)(A). Donatelli misrepresented that, in continuation of a prior employment relationship, he would provide plaintiff with health insurance coverage. That misrepresentation allowed Donatelli to obtain three months worth of insurance premium checks from plaintiff, totaling $417. Donatelli cashed these checks for his own personal use and allowed the health insurance policy to expire. Plaintiff reasonably relied on Donatelli's promises

6

until she learned that her policy had been cancelled. Donatelli knew that plaintiff was pregnant and would be liable for significant medical costs if her insurance lapsed. Eventually, plaintiff's uninsured status resulted in her liability for unpaid medical bills, purportedly totaling more than $8,793.89. Thus, Donatelli's misrepresentation of his intent to continue applying plaintiff's checks to her health insurance resulted in foreseeable damages for plaintiff's unpaid medical bills.[1] This debt is nondischargeable pursuant to § 523(a)(2)(A).

*Denial of Discharge Pursuant to § 727(a)(4)(C)*

Plaintiff's original complaint also alleged that debtor's discharge should be denied pursuant to § 727(a)(4)(C) and (a)(5). Plaintiff's summary judgment motion, however, only asks the Court to grant summary judgment pursuant to § 727(a)(4)(C). Section 727(a)(4)(C) states,

> (a) The court shall grant the debtor a discharge, unless--
> . . . .
>> (4) the debtor knowingly and fraudulently, in or in connection with the case-
>> . . . .
>>> (C) gave, offered, received, or attempted to obtain money,

---

[1] Plaintiff's amended complaint does not seek a money judgment against the debtor. Nor is there anything in the record that would establish as a matter of law the amount of her unpaid medical bills. Nevertheless the Court finds as a matter of law that plaintiff's claim for such unpaid medical bills is nondischargeable under § 523(a)(2)(A).

7

property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act;

Section 727(a)(4)(C) is generally applied in situations where a debtor is attempting to manipulate their own bankruptcy case through extortion or bribery. *See* 6 COLLIERS ON BANKRUPTCY § 727.06 (15th ed. rev. 2005). The facts presented by petitioner do not support a finding of extortion or bribery by Donatelli nor do they show that Donatelli's fraudulent actions were in any way connected with his bankruptcy filing. Thus, summary judgment as to § 727(a)(4)(C) must be denied.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment (Docket #32) is granted in part and denied in part. The plaintiff's claim against Donatelli for unpaid medical bills is deemed nondischargeable under 11 U.S.C. § 523(a)(2)(A). The Court, however, will not grant summary judgment denying debtor's discharge pursuant to § 727(a)(4)(C); plaintiff's request for denial of debtor's discharge will be the subject of further proceedings in the event the plaintiff notifies the Court in writing within the next twenty days that she

8

wishes to pursue such proceedings. A separate order shall be entered in accordance with this Memorandum of Opinion.

IT IS SO ORDERED.

_____
Arthur I. Harris
United States Bankruptcy Judge